Randy Luskey
rluskey@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON &
    GARRISON LLP
943 Steiner St.
San Francisco, CA 94117
Tel: (628) 432-5112
Fax: (202) 204-7391

Attorneys for Defendants
Uber Technologies, Inc. and Rasier, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jane Doe LSA 3 et al.,<br><br>Plaintiffs,<br><br>- against -<br><br>Uber Technologies, Inc. et al.,<br><br>Defendants. | 3:21-cv-04194<br><br>DEFENDANTS UBER TECHNOLOGIES, INC. AND RASIER, LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND<br><br>Judge: The Honorable James Donato<br>Date: August 12, 2021<br>Time: 10:00 a.m. |

1

**TABLE OF CONTENTS**

2

**Page**

3

PRELIMINARY STATEMENT ...................................................................................................1

4

FACTUAL AND PROCEDURAL BACKGROUND....................................................................2

5

      A.     Plaintiffs Try to Combine Eight Different Lawsuits.................................................2

6

      B.     The Complaint Was Not Served Before Removal ...................................................3

7

      C.     Uber Timely Removed the Action...........................................................................3

8

ARGUMENT .................................................................................................................................4

9

I.     Pre-Service Removal Is Proper Under 28 U.S.C. § 1441(b)(2)..........................................4

10

      A.     The Plain Language of § 1441(b)(2) Allows Removal by a Forum Defendant That Has Not Yet Been Served ..............................................................4

11

      B.     Plaintiffs' Policy Arguments Cannot Change the Law............................................7

12

II.    Removal Cannot Be Defeated by Improperly Joining All Eight Plaintiffs .........................8

13

      A.     The Doctrine of Fraudulent Misjoinder Should Be Applied Here...........................8

14

      B.     The Two California Plaintiffs Were Fraudulently Misjoined..................................9

15

            1.     Eight Plaintiffs Are Improperly Joined....................................................10

16

            2.     The Fraudulent Misjoinder Is Egregious ..................................................13

17

III.   Plaintiffs Are Not Entitled to Fees, Costs or Sanctions ...................................................14

18

19

20

21

22

23

24

25

26

27

28

Opposition Motion to Remand LSA 3-10

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

CASES

4

*Adams* v. *I-Flow Corp.*,
  No. 09-9550 R SSX, 2010 WL 1339948 (C.D. Cal. Mar. 30, 2010)......................................11

5

6

*Asher* v. *Minn. Mining & Mfg. Co.*,
  No. 04-522KKC, 2005 WL 1593941 (E.D. Ky. June 30, 2005) .................................................8

7

*In re Benjamin Moore & Co.*,
  309 F.3d 296 (5th Cir. 2002) .......................................................................................................8

8

9

*Blasco* v. *Atrium Med. Corp.*,
  No. C14-3285EDL, 2014 WL 12691051 (N.D. Cal. Oct. 30, 2014)......................................15

10

*Breitner* v. *Merck & Co.*,
  No. 318-15982PGSTJB, 2019 WL 316026 (D.N.J. Jan. 24, 2019)....................................8, 13

11

12

*Cal. Dump Truck Owners Ass'n* v. *Cummins Engine Co.*,
  24 F. App'x 727 (9th Cir. 2001) ..................................................................................................9

13

14

*Carper* v. *Adknowledge, Inc.*,
  No. 13-3921-JST, 2013 WL 5954898 (N.D. Cal. Nov. 6, 2013).................................................5

15

*Carreon* v. *Alza Corp.*,
  No. 09-5623 RS, 2010 WL 539392 (N.D. Cal. Feb. 9, 2010) ....................................................5

16

17

*Coleman* v. *Conseco, Inc.*,
  238 F. Supp. 2d 804 (S.D. Miss. 2002)..............................................................................11, 13

18

19

*Coughlin* v. *Rogers*,
  130 F.3d 1348 (9th Cir. 1997) ...................................................................................................12

20

*In re Diet Drugs*,
  No. Civ. A 98-20478, 1203, 1999 WL 554584 (E.D. Pa. July 16, 1999)...............................14

21

22

*Encompass Ins. Co.* v. *Stone Mansion Rest. Inc.*,
  902 F.3d 147 (3d Cir. 2018)....................................................................................................6, 7

23

24

*Flauta* v. *Johnson & Johnson*,
  No. CV 12-9095 PSG (AGRx), 2013 WL 12138986 (C.D. Cal. Jan. 10, 2013) ....................10

25

*Fontalvo ex rel. Fontalvo* v. *Sikorsky Aircraft Corp.*,
  No. 13-331-GPC-KSC, 2013 WL 3197071 (S.D. Cal. June 20, 2013) .....................................7

26

27

*In re Fosamax (Alendronate Sodium) Prod. Liab. Litig. (No. II)*,
  Civ. A. No. 11-3045, 2012 WL 1118780 (D.N.J. Apr. 3, 2012), *aff'd*, 751
  F.3d 150 (3d Cir. 2014)..............................................................................................................14

28

*In re Fosamax Prod. Liab. Litig.*,
  No. 1:06-MD-1789 (JFK), 2008 WL 2940560 (S.D.N.Y. July 29, 2008)...........................15

*Glob. Indus. Inv. Ltd.* v. *Chung*,
  No. 19-7670, 2020 WL 2027374 (N.D. Cal. Apr. 28, 2020) (Koh, J.)............................5, 6, 7

*Graziose* v. *Am. Home Prods. Corp.*,
  202 F.R.D. 638 (D. Nev. 2001)..........................................................................................12

*Greene* v. *Wyeth*,
  344 F. Supp. 2d 674 (D. Nev. 2004) ..................................................................................8, 9

*Heather* v. *Medtronic Inc.*,
  No. 2:14-1595-SVW-FF, 2014 WL 2736093 (C.D. Cal. June 9, 2014)..............................11

*Hughes* v. *Sears, Roebuck & Co.*,
  No. 09-93, 2009 WL 2877424 (N.D. W.Va. Sept. 3, 2009) ......................................................8

*Khashan* v. *Ghasemi*,
  No. 10-543MMM(CWX), 2010 WL 1444884 (C.D. Cal. Apr. 5, 2010) ...............................14

*Kinzer* v. *Allegiant Air, LLC*,
  No. 215-2306JADPAL, 2016 WL 4060307 (D. Nev. July 28, 2016) ....................................15

*Koch* v. *PLM Int'l, Inc.*,
  No. 97-0177-BH-C, 1997 WL 907917 (S.D. Ala. Sept. 24, 1997)..............................9, 11, 13

*Loewen* v. *McDonnell*,
  No. 19-467-YGR, 2019 WL 2364413 (N.D. Cal. June 5, 2019) ......................................5, 6, 7

*Martin* v. *Frankly Capital Corp.*,
  546 U.S. 132 (2005)............................................................................................................14

*McNaughton* v. *Merck & Co., Inc.*,
  No. 04-8297 (LAP), 2004 WL 5180726 (S.D.N.Y. Dec. 17, 2004)..................................11, 12

*Murphy Brothers, Inc.* v. *Michetti Pipe Stinging, Inc.*,
  526 U.S. 344 (1999)............................................................................................................7, 8

*Nungesser* v. *Bryant*,
  No. 07-1285-WEB, 2007 WL 4374022 (D. Kan. 2007).........................................................8

*Padron* v. *Onewest Bank*,
  No. 2:14-1340-ODW, 2014 WL 1364901 (C.D. Cal. Apr. 7, 2014) ....................................12

*Poznanovich* v. *AstraZeneca Pharms. LP*,
  No. 11-4001 JAP, 2011 WL 6180026 (D.N.J. Dec. 12, 2011) ............................................7, 8

*In re Propecia (Finasteride) Prod. Liab. Litig.*,
  No. 12-2049 JG VVP, 2013 WL 3729570 (E.D.N.Y. May 17, 2013)..................................8, 9

*Regal Stone Ltd.* v. *Longs Drug Stores Cal.*,
LLC, 881 F. Supp. 2d 1123 (N.D. Cal. 2012)...........................................................5

*In re Rezulin Prods. Liab. Litig.*,
168 F. Supp. 2d 136 (S.D.N.Y. 2001).......................................................................9

*Serafini* v. *Sw. Airlines Co.*,
485 F. Supp. 3d 697 (N.D. Tex. 2020) ......................................................................6

*Sherman* v. *Haynes & Boone*,
No. 14-1064-PSG, 2014 WL 4211118 (N.D. Cal. Aug. 22, 2014).....................5, 6

*In re Silica Prod. Liab. Litig.*,
398 F. Supp. 2d 563 (S.D. Tex. 2005) .......................................................................9

*Sutton* v. *Davol, Inc.*,
251 F.R.D. 500 (E.D. Cal. 2008) ........................................................................8, 10

*Tapscott* v. *MS Dealer Service Corp.*,
77 F.3d 1353 (11th Cir. 1996) .............................................................................8, 9

*Tourigny* v. *Symantec Corp.*,
110 F. Supp. 3d 961 (N.D. Cal. 2015) .......................................................................6

*Tureau* v. *2H Inc.*,
Civ. A. No. 13-2969, 2014 WL 12701025 (W.D. La. Mar. 14, 2014), *report
and recommendation adopted sub nom. Tureau* v. *2 H, Inc.*, No. 13-2977,
2014 WL 12701026 (W.D. La. Sept. 30, 2014)..........................................................9

*Tyson* v. *Fife*,
No. 2:18-cv-0028-GMN-NJK, 2018 WL 3377085 (D. Nev. July 11, 2018)........................15

*U.S. Bank Tr. Nat'l Ass'n* v. *Fid. Nat'l Title Grp., Inc.*,
No. 220-2068JCMVCF, 2021 WL 223384 (D. Nev. Jan. 22, 2021) ......................................14

*Visendi* v. *Bank of Am., N.A.*,
733 F.3d 863 (9th Cir. 2013) ....................................................................................11

*W. Bend Mut. Ins. Co.* v. *MSPPR, LLC*,
No. 20-3308, 2021 WL 463259 (N.D. Ill. Feb. 9, 2021) ...........................................6

*Warner* v. *Stryker Corp.*,
No. 08-6368-AA, 2009 WL 1773170 (D. Or. June 22, 2009)..................................11

**STATUTES**

28 U.S.C. § 1332(a) ...........................................................................................................4

28 U.S.C. § 1441.......................................................................................1, 4, 5, 6, 7, 14

28 U.S.C. § 1447(c) ...............................................................................................14, 15

Cal. Civ. Proc. Code § 378(a) ............................................................................9, 10

Fed. R. Civ. P. 20(a) ........................................................................................9, 10

**OTHER AUTHORITIES**

Anna Cooban, *Uber and Lyft face up to 1,000 lawsuits claiming drivers sexually
assaulted or harassed passengers, sometimes when the passengers were
asleep*, https://www.businessinsider.com/uber-and-lyft-could-face-1000-
sexual-assault-lawsuits-2021-7 ........................................................................4

National Sexual Violence Resource Center, *Seeing the Whole Survivor: Why It's
Necessary to Talk About Identity for Survivors as Individuals and in Groups*"
(Feb. 25, 2019), https://www.nsvrc.org/blogs/seeing-whole-survivor-why-its-
necessary-talk-about-identity-survivors-individuals-and-groups ...........................12

Rape, Abuse & Incest National Network, *Survivor Stories*,
https://www.rainn.org/survivor-stories (last visited July 16, 2021) .......................12

Taylor Bisacky, *Uber faces mounting sexual assault, harassment lawsuits in San
Francisco* (June 30, 2021), https://www.kron4.com/news/bay-area/uber-faces-
mounting-sexual-assault-harassment-lawsuits-in-san-francisco/ .............................4

1    Defendants Uber Technologies, Inc. and Rasier, LLC (collectively, "Uber" or

2 "Defendants") respectfully submit this memorandum of law in opposition to plaintiffs' motion to

3 remand (ECF No. 15).

4                              **PRELIMINARY STATEMENT**

5    Plaintiffs' motion to remand should be denied.  Plaintiffs have tried to avoid pre-service

6 removal by improperly joining multiple plaintiffs in hopes of defeating diversity.  The Complaint

7 purports to assert -- in a single action -- claims against corporate citizens of California and

8 Delaware by six plaintiffs who are citizens of six other states, plus two plaintiffs who reside in

9 California.  Plaintiffs' gambit does not work:

10   *First*, Uber's removal of this action was entirely proper under 28 U.S.C. § 1441(b)(2).

11 Pre-service removal by a forum defendant is recognized by this and other district courts in the

12 Ninth Circuit, as well as other circuit and district courts around the country.  Plaintiffs'

13 disagreement with what the statute allows and what those courts decided is no basis to disregard

14 the statute or the case law.  The Complaint had not been served at the time Uber removed, and

15 we believe it still has not been served as of the date of this filing.  Thus, the claims by the six

16 out-of-forum plaintiffs should *not* be remanded.

17   *Second*, plaintiffs' misjoinder of two California plaintiffs cannot be grounds for

18 remanding the claims of the six non-California plaintiffs.  These are, in actuality, eight different

19 personal injury lawsuits arising from different alleged criminal assaults, by different alleged

20 assailants, in different states, at different times, involving totally different circumstances.  As of

21 the date of plaintiffs' motion, plaintiffs' counsel had filed 76 other personal injury suits against

22 Uber in 76 individual actions, each involving a single plaintiff.  (Luskey Decl. ¶ 2.)  It appears

23 that this multi-plaintiff pleading is a tactic to avoid removal and, as such, should be disregarded

24 as fraudulent misjoinder.

25   In sum, the two California plaintiffs can proceed in state court if they wish, but their

26 citizenship should not be used as part of an improper effort to remand the out-of-state plaintiffs'

27 claims.  Uber respectfully requests that the motion to remand be denied.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    Plaintiffs Try to Combine Eight Different Lawsuits

The Complaint, filed on June 1, 2021, attempts to bring eight different personal injury lawsuits, by eight different plaintiffs, in a single action.  It asserts claims against Uber based on eight alleged criminal sexual assaults that took place in different places, at different times, involving different alleged assailants, under different circumstances, resulting in different alleged injuries and damages.  (ECF No. 1 Ex. A.)

Defendants are citizens of California and Delaware.  (*Id.* Ex. A ¶¶ 24–25.)  Six of the eight plaintiffs are not California residents and allege incidents that did not take place in California.  Those plaintiffs are residents of Kentucky, Virginia, Colorado, Nevada, Minnesota, and Georgia.  (*Id.* Ex. A ¶¶ 16–19, 21–22.)  Each of their alleged incidents took place in the state of which that plaintiff is a resident.  (*Id.*)  Only two plaintiffs are residents of California, and even those plaintiffs allege incidents that took place in different locations, San Diego and San Jose, within the state.  (*Id.* Ex. A ¶¶ 15, 20.)

Thus, the alleged incidents occurred in seven different states and presumably involve different alleged assailants.  (*Id.* Ex. A ¶¶ 15–22.)  They appear to have occurred on different dates ranging from May 2019 to June 2020, though the Complaint fails to allege the precise dates as to any alleged incident and fails to allege any temporal information at all as to Doe 9.  (*Id.* Ex. A ¶¶ 42, 52, 67.)  The causes of action alleged against the alleged assailants also vary:  *e.g.*, four plaintiffs allege only sexual assault; four plaintiffs also allege false imprisonment; two plaintiffs allege stalking; and only one alleges battery and kidnapping.  (*Id.* Ex. A ¶¶ 37, 42, 47, 52, 57, 62, 67, 73.)

While there are other sexual misconduct lawsuits against Uber in California filed by counsel for these eight plaintiffs, as of the time of plaintiffs' motion to remand, none involved multiple plaintiffs in a single action.  (Luskey Decl. ¶ 2.)  This pleading is an outlier.[1]  The individual actions comply with the Terms of Use that riders agree to when using the Uber app,

---

[1]    After filing their motion to remand, plaintiffs' counsel filed an additional action joining nine plaintiffs together on July 9, 2021.

Opposition Motion to Remand LSA 3-10

1   which provide that sexual assault claims can proceed only on an "individual basis" and not in

2   any "group, multi-plaintiff or joint action,"[2] or any "collective" action.[3]  Apart from all the other

3   reasons why this multi-plaintiff action is improper, plaintiffs in this action did not comply with

4   the Terms of Use.

5               **B.      The Complaint Was Not Served Before Removal**

6           Plaintiffs' counsel makes much of the supposedly "minimal" time between filing and

7   service.  (Mot. at 1.)  Even if that were legally relevant (it is not), it is not true:  to the best of

8   Uber's knowledge, the Complaint still has not been served, more than a month after it was filed.

9   (Buoscio Decl. ¶ 2.)  Neither Defendants nor Defendants' agent for service, CT Corporation,

10  have any record of service of the Complaint.  (Buoscio Decl. ¶ 3.)  The declaration of plaintiffs'

11  counsel, William Levin, contains no statement that Defendants have been served and attaches no

12  evidence of service.  (*See* ECF No. 15-1.)  Likewise, plaintiffs have filed no proof of service on

13  the docket in the state court action.  (Luskey Decl. Ex. A.)  Rather, consistent with lack of

14  service, the Complaint is stamped "NO SUMMONS ISSUED."  (ECF No. 1 Ex. A.)

15          Plaintiffs' counsel attributes the purported lag in service "to the unavoidable delays in the

16  processing of electronically filed cases."  (Mot. at 1.)  However, that cannot explain the lack of

17  service for nearly a month.  As best Uber can tell, the Complaint (which bears a physical file

18  stamp, not an electronic one), was not filed electronically.  Whatever the means of filing, it is

19  undisputed that the Complaint had not been served at the time Uber removed.

20              **C.      Uber Timely Removed the Action**

21          On June 2, 2021, Uber obtained a copy of the Complaint via the Superior Court's

22  electronic filing system.  (ECF No. 1 ¶ 6.)  Later that day, Uber filed a Notice of Removal in this

23  Court based on diversity jurisdiction.  (*Id.*)

24
---
25  [2] Plaintiffs who assented to the current terms agreed that any sexual assault claims would be
    brought only on an "individual basis" and not as any kind of "group, multi-plaintiff or joint
26  action."  (Buoscio Decl. Ex. C.)
    [3] Plaintiffs who assented to the previous terms also agreed in the arbitration provision that all
27  claims must be brought on an individual basis: "you agree that you are required to resolve any
    claim that you may have against Uber on an *individual basis* in arbitration" and "[t]his will
28  preclude you from bringing any class, collective, or representative action against Uber, and also
    preclude you from participating in or recovering relief under any current or future class,
    collective, consolidated, or representative action brought against Uber by someone else."
    (Buoscio Decl. Ex. B.)

- 3 -

1    The Notice of Removal explained that the requirements of diversity jurisdiction are

2   fulfilled with respect to the causes of action asserted by the six out-of-state plaintiffs (Doe LSA

3   4, 5, 6, 7, 9, and 10).  The amount in controversy requirement is satisfied.  (*Id.* ¶¶ 17–20.)  With

4   regard to diversity of citizenship, both Uber and Rasier are citizens of Delaware and California,

5   and six of the plaintiffs are citizens of states other than Delaware and California.  (*Id.* ¶¶ 11–14.)

6   The Notice of Removal further explained that although two plaintiffs allege they are citizens of

7   California, there is complete diversity of citizenship as to each of the six non-resident plaintiffs

8   because the claims of the two California plaintiffs -- indeed, the claims of all eight plaintiffs --

9   are misjoined in a single action.  (*Id.* ¶ 15.)

10    Following removal, plaintiffs' counsel publicly acknowledged what is obvious from the

11   face of the Complaint:  the claims of each plaintiff do not belong together.  It was reported, based

12   on statements by plaintiffs' counsel, that the lawsuits filed against Uber "are *individual cases*,

13   not class-action lawsuits because *the details and severity of the cases widely vary*."[4]

14                                    **ARGUMENT**

15   **I.**    **Pre-Service Removal Is Proper Under 28 U.S.C. § 1441(b)(2)**

16        **A.**    **The Plain Language of § 1441(b)(2) Allows Removal by a Forum Defendant
            That Has Not Yet Been Served**

17

18        A suit may be removed from state court to federal court so long as the suit could have

19   been brought in federal court in the first instance.  *See* 28 U.S.C. § 1441(a).  As explained below,

20   this case satisfies the requirements for diversity jurisdiction under 28 U.S.C. § 1332(a) with

21   respect to the individual claims asserted by the six plaintiffs who are not residents of California

22   or Delaware (the states in which Defendants are citizens).

23        Under 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis

24   of [diversity jurisdiction] may not be removed if any of the parties in interest *properly joined and*

25   *served* as defendants is a citizen of the State in which such action is brought" (emphasis added).

26   _____

27   [4]   Taylor Bisacky, *Uber faces mounting sexual assault, harassment lawsuits in San Francisco*,
     KRON4 (June 30, 2021), https://www.kron4.com/news/bay-area/uber-faces-mounting-sexual-
28   assault-harassment-lawsuits-in-san-francisco/ (emphasis added); *see also* Anna Cooban, *Uber
     and Lyft face up to 1,000 lawsuits claiming drivers sexually assaulted or harassed passengers,
     sometimes when the passengers were asleep*, Business Insider (July 1, 2021),
     https://www.businessinsider.com/uber-and-lyft-could-face-1000-sexual-assault-lawsuits-2021-7.

                                      - 4 -

1    Thus, under the plain terms of the removal statute, a defendant that has not been served is

2    permitted to remove.  Plaintiffs admit that Uber "had not yet been served at the time of removal."

3    (Mot. at 1.)  It appears that Uber still has not been served as of the date of this filing.

4           Courts in the Northern District of California have adopted the view that a forum

5    defendant that has not been "properly joined and served" is free to remove.  "Courts in this

6    district have routinely applied [the] statute as it is written," and pre-service removal by a forum

7    citizen is permitted.[5]  *Carreon* v. *Alza Corp*., No. 09-5623 RS, 2010 WL 539392, at *1 (N.D.

8    Cal. Feb. 9, 2010) (collecting cases).  "A defendant may remove an action prior to receiving

9    proper service, even when the defendant resides in the state in which the plaintiff filed the state

10   claim."  *Glob. Indus. Inv. Ltd.* v. *Chung*, No. 19-7670, 2020 WL 2027374, at *2 (N.D. Cal.

11   Apr. 28, 2020) (Koh, J.) (quoting *Monfort* v. *Adomani, Inc*., Civ. A. No. 18-5211-LHK, 2019

12   WL 131842, at *3 (N.D. Cal. Jan. 8, 2019)); *see also Loewen* v. *McDonnell*, No. 19-467-YGR,

13   2019 WL 2364413, at *8 (N.D. Cal. June 5, 2019) (describing a "strong consensus in this district

14   that the plain language of 1441(b)(2) applies"); *Sherman* v. *Haynes & Boone*, No. 14-1064-PSG,

15   2014 WL 4211118, at *1 & n.8 (N.D. Cal. Aug. 22, 2014) (collecting cases confirming that pre-

16   service removal by a forum defendant is proper); *Carper* v. *Adknowledge, Inc*., No. 13-3921-

17   JST, 2013 WL 5954898, at *2 (N.D. Cal. Nov. 6, 2013) (finding that the "joined and served"

18   language in § 1441(b) "suggests only that a defendant must be served before its status as a local

19   defendant can block removal"); *Regal Stone Ltd.* v. *Longs Drug Stores Cal., LLC*, 881 F. Supp.

20   2d 1123, 1128 (N.D. Cal. 2012) ("[T]he Northern District has consistently followed the . . . view

21   [that] gives effect to [the] words ['and served'].").

22          The decision in *Global Industrial* emphasized that "such a conclusion was compelled by

23   Section 1141(b)(2)'s 'plain language,'" and observed that this "conclusion also accords with the

24   three circuit courts to consider this issue."  *Glob. Indus.*, 2020 WL 2027374, at *2–*3 (citing

25   *Tex. Brine Co. L.L.C.* v. *Am. Arb. Ass'n, Inc.*, 955 F.3d 482 (5th Cir. 2020); *Gibbons* v. *Bristol-*

26

27

28   _____
     [5]   Pre-service removal is sometimes referred to as "snap removal" because of the speed with
     which removing defendants may act in moving the case to federal court prior to effectuation of
     service of the complaint.

                                                    - 5 -

*Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019); *Encompass Ins. Co.* v. *Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018)).

Plaintiffs argue that pre-service removal should be allowed only in cases where there is a non-forum defendant in addition to the forum defendant. (Mot. at 12.) That is not, however, the law. *Global Industrial* considered and rejected the argument that a single-defendant case should be treated differently than a multi-defendant case, 2020 WL 2027374, at *3–*4, as have other courts.[6] *See, e.g.*, *Encompass Ins. Co.*, 902 F.3d 147 (holding that removal by single in-state defendant who had not yet been served was proper); *W. Bend Mut. Ins. Co.* v. *MSPPR, LLC*, No. 20-3308, 2021 WL 463259, at *4 (N.D. Ill. Feb. 9, 2021) (holding that "the statute is more naturally read as categorically allowing any unserved defendant—even a defendant that stands alone—to remove a case where jurisdictional requirements are met"); *Serafini* v. *Sw. Airlines Co.*, 485 F. Supp. 3d 697, 703 (N.D. Tex. 2020) (holding that "§ 1441(b)(2) does not limit snap removal to cases involving multiple defendants" because "[u]nder the statute's plain text, a forum defendant may engage in snap removal when it is the sole defendant"). Likewise, there is no requirement that the removing defendant be a non-forum defendant. In fact, in two of the three cases cited by plaintiffs, the forum defendant was the defendant who successfully initiated the removal. *See Loewen*, 2019 WL 2364413 at *1; *Sherman*, 2014 WL 4211118, at *1.

Plaintiffs' reliance on *Tourigny* v. *Symantec Corp.*, 110 F. Supp. 3d 961 (N.D. Cal. 2015), is misplaced. (*See* Mot. at 11–12.) There, the court held that § 1441(b)(2) permits removal only of complaints against multiple defendants. 110 F. Supp. 3d at 964. However, as subsequently recognized in *Global Industrial*, the court in *Tourigny* relied heavily on an opinion from the Eastern District of Pennsylvania that was later overruled by the Third Circuit in *Encompass*. *Glob. Indus.*, 2020 WL 2027374, at *3–*4. Since then, courts in this district have stated that they were "persuaded by the reasoning of the Third Circuit" in *Encompass*. *E.g.*, *id.* (quoting *Monfort*, 2019 WL 131842, at *3).

---

[6]  Although there are two defendants present in this case, Uber and Rasier, Plaintiffs seem to treat them as effectively one defendant because "both are California corporations and Rasier is a wholly owned subsidiary of Uber, alleged to have acted in concert with its parent." (Mot. at 12.)

Opposition Motion to Remand LSA 3-10

### B.   Plaintiffs' Policy Arguments Cannot Change the Law

Plaintiffs argue that the congressional intent behind the "joined and served" language "is well settled" and does not allow pre-service removal.  (Mot. at 10.)  But courts in this district have held otherwise.  In *City of Ann Arbor Employees' Retirement System* v. *Gecht*, Judge Chen observed that "if Congress had wanted to ensure that removal would not be appropriate until it was clear that Plaintiff was trying to prevent removal by speciously naming resident defendants, Congress could have provided that no removal petition could be filed until one or more nonresident defendant had been joined and served."  Civ. A. No. 06-7453, 2007 WL 760568, at *9 (N.D. Cal. Mar. 9, 2007).  Congress also could have written the statute "to give a plaintiff, *e.g.*, 30 or 60 days to effect service before permitting a defendant to remove."  *Id.*  Of course, Congress did neither of these things, and the court in *Loewen* posited that "Congress may well have written the statute the way it did to balance competing interests in limiting gamesmanship and providing a bright-line rule that would be easy to administer."  2019 WL 2364413, at *8.

For these reasons, courts in this district and elsewhere have held that they "cannot conclude that strict adherence to the language of § 1441(b) would be plainly at variance with the policy behind the statute."  *Id.* (internal quotation marks and citation omitted).  Interpreting the "joined and served" language to permit pre-service removal by an in-state defendant "does not impair the provision's anti-fraudulent joinder purpose, which focuses on what a plaintiff may or may not do to defeat diversity jurisdiction."  *Glob. Indus.*, 2020 WL 2027374, at *4 (quoting *Monfort*, 2019 WL 131842, at *4); *see also Encompass*, 902 F.3d at 153.

Finally, plaintiffs argue that *Murphy Brothers, Inc.* v. *Michetti Pipe Stinging, Inc.*, 526 U.S. 344 (1999), holds that a defendant cannot remove a case prior to being served because that defendant is not yet a party to the case.  (Mot. at 8–9.)  That is not correct.  *Murphy Brothers* held that service of process is a prerequisite for the running of the 30-day removal period under § 1446(b); it said nothing about whether a defendant is permitted to remove prior to service of process.  526 U.S. at 347–48.  Courts have thus rejected plaintiffs' reading of *Murphy Brothers*.  *See, e.g.*, *Fontalvo ex rel. Fontalvo* v. *Sikorsky Aircraft Corp.*, No. 13-331-GPC-KSC, 2013 WL 3197071, at *9 (S.D. Cal. June 20, 2013); *Poznanovich* v. *AstraZeneca Pharms. LP*,

No. 11-4001, 2011 WL 6180026, at *5 (D.N.J. Dec. 12, 2011) (highlighting that *Murphy Brothers* "did not hold that formal service is a prerequisite for removal" and that courts have "routinely" held the same").

**II.** **Removal Cannot Be Defeated by Improperly Joining All Eight Plaintiffs**

    **A.** **The Doctrine of Fraudulent Misjoinder Should Be Applied Here**

Fraudulent misjoinder, identified first by the Eleventh Circuit in *Tapscott* v. *MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996), is a species of fraudulent joinder. Where either plaintiffs or defendants are improperly joined together in a single lawsuit, courts disregard the presence of diversity-destroying parties when determining whether removal is proper. While fraudulent *joinder* "addresses the viability of claims against a defendant," fraudulent *misjoinder* "addresses the joinder of the claims rather than their viability." *Asher* v. *Minn. Mining & Mfg. Co.*, No. 04-522KKC, 2005 WL 1593941, at *4 (E.D. Ky. June 30, 2005). Fraudulent misjoinder involves claims, like those here, that "are unrelated and have been improperly joined in one action to destroy diversity." *Id.*

Courts in the Ninth Circuit have applied fraudulent misjoinder. *See Greene* v. *Wyeth*, 344 F. Supp. 2d 674, 684–85 (D. Nev. 2004) (agreeing with Fifth and Eleventh Circuits that fraudulent misjoinder "is a logical extension of the established precedent that a plaintiff may not fraudulently join a defendant in order to defeat diversity jurisdiction in federal court"); *Sutton* v. *Davol, Inc.*, 251 F.R.D. 500, 505 (E.D. Cal. 2008) (finding in-state defendants were fraudulently misjoined and severing and remanding plaintiffs' claims against the in-state defendants, "so as to preserve the removing Defendants' right to removal").[7] The Ninth Circuit has acknowledged,

---

[7]    Many other courts throughout the country have embraced the doctrine of fraudulent misjoinder, including both the Eleventh and Fifth Circuits, and district courts throughout the other circuits. *See, e.g.*, *In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002) (holding that "misjoinder of plaintiffs should not be allowed to defeat diversity jurisdiction"); *In re Propecia (Finasteride) Prod. Liab. Litig.*, No. 12-2049 JG VVP, 2013 WL 3729570, at *6 (E.D.N.Y. May 17, 2013) (holding that "the development of the doctrine in the courts . . . does not serve to improperly extend federal jurisdiction, but rather promotes judicial efficiency and prevents manipulation of the court system by misjoinder of plaintiffs in state courts"); *see also Breitner* v. *Merck & Co.*, No. 318-15982PGSTJB, 2019 WL 316026, at *4–*5 (D.N.J. Jan. 24, 2019) (applying doctrine and finding fraudulent misjoinder); *Hughes* v. *Sears, Roebuck & Co.*, No. 09-93, 2009 WL 2877424, at *5–*7 (N.D. W.Va. Sept. 3, 2009) (same); *Nungesser* v. *Bryant*, No. 07-1285-WEB, 2007 WL 4374022, at *6–*8 (D. Kan. 2007) (same).

though not yet formally adopted, the doctrine.  *See Cal. Dump Truck Owners Ass'n* v. *Cummins Engine Co.*, 24 F. App'x 727, 729 (9th Cir. 2001) ("For purposes of discussion we will assume, without deciding, that this circuit would accept the doctrines of fraudulent and egregious joinder as applied to plaintiffs.").

### B.   The Two California Plaintiffs Were Fraudulently Misjoined

Fraudulent misjoinder has can be established in a few different ways.  Some courts look to state rules of procedure, while others rely on the Federal Rules of Civil Procedure.  *Compare Tureau* v. *2H Inc.*, Civ. A. No. 13-2969, 2014 WL 12701025, at *4 (W.D. La. Mar. 14, 2014), *report and recommendation adopted sub nom. Tureau* v. *2 H, Inc.*, No. 13-2977, 2014 WL 12701026 (W.D. La. Sept. 30, 2014) (applying state law), *with In re Silica Prod. Liab. Litig.*, 398 F. Supp. 2d 563, 649 (S.D. Tex. 2005) (applying Fed. R. Civ. P. 20(a)).  Some courts find it enough to deny remand if the joinder rules are not satisfied, while others require something more to find fraudulent misjoinder:  *e.g.*, the misjoinder is egregious or in bad faith. *Compare In re Propecia (Finasteride) Prod. Liab. Litig.*, No. 12-2049 JG VVP, 2013 WL 3729570, at *6 (E.D.N.Y. May 17, 2013) (requiring only "mere misjoinder"), *with Tapscott*, 77 F.3d at 1360 (finding "no real connection" between parties constitutes egregiousness) and *Koch* v. *PLM Int'l, Inc.*, No. 97-0177-BH-C, 1997 WL 907917, at *4 (S.D. Ala. Sept. 24, 1997) (egregious means "collusive joinder to defeat the diversity jurisdiction of the federal courts").[8]

Under any of these approaches, the two in-state plaintiffs were fraudulently misjoined.

*First*, California Civil Procedure Code § 378(a)(1) and Federal Rule 20(a)(1) contain substantially the same standard for determining where joinder of multiple parties is permitted.[9]

---

[8]   Some courts have also developed what appears to be an intermediate standard. *See, e.g.*, *Greene* v. *Wyeth*, 344 F. Supp. 2d 674, 684–85 (D. Nev. 2004).  Further, certain courts have contemplated that the threshold for finding fraudulent misjoinder of plaintiffs should be lower than the threshold for fraudulent misjoinder of defendants, because "a plaintiff's right to choose among defendants and claims—the principal reason for imposing a strict standard of fraudulent joinder to effect removal—is not compromised where claims of co-plaintiffs are severed or dismissed." *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 147 (S.D.N.Y. 2001).

[9]   Under Fed. R. Civ. P. 20(a), "Persons may join in one action as plaintiffs if:
(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
(B) any question of law or fact common to all plaintiffs will arise in the action."
Under Cal. Civ. Proc. Code § 378(a), "All persons may join in one action as plaintiffs if:

"Because of the similarity between [the relevant California joinder rule] and [Fed. R. Civ. P.] Rule 20(a)(1), it is unnecessary to resolve whether the state procedure or the federal procedure should apply." *Sutton*, 251 F.R.D. at 505; *see also, e.g.*, *Flauta* v. *Johnson & Johnson*, Civ. A. No. 12-9095 PSG (AGRx), 2013 WL 12138986, at *1 (C.D. Cal. Jan. 10, 2013) (finding that the "Federal and [California] state rules of civil procedure provide substantially identical rules for joinder").

*Second*, the misjoinder of these unrelated plaintiffs and unrelated claims is egregious, as it has no purpose but to defeat diversity.  Plaintiffs provide no alternative explanation.  The practice of plaintiffs' counsel illustrates the point:  it had by its own count, as of the date of its motion, filed 72 other sexual misconduct lawsuits against Uber, all on an individual basis.  (Mot. at 3.)  A number of other law firms have filed personal injury suits against Uber on an individual basis.  In addition, approximately 45 or more actions have been filed against Lyft, Uber's competitor, also on behalf of individual plaintiffs.  (Luskey Decl. ¶ 3.)  The fact that nearly all other claims filed by this firm have been filed on an individual basis shows that the misjoinder is egregious.  Indeed, in contrast to all the individual actions, this collective multi-plaintiff complaint is contrary to the Terms of Use that riders agree to:  sexual assault claims may be brought in court (rather than through arbitration), but only on an "individual basis" and not as any kind of "group, multi-plaintiff or joint action," or any "collective" action.  (Buoscio Decl. Exs. B & C.)

## 1.   Eight Plaintiffs Are Improperly Joined

Under both the California and federal rules, joinder is permitted only where plaintiffs' claims (1) arise out of the same transaction or occurrence, or series of transactions or occurrences and (2) have in common a question of law or fact.  *See* Fed. R. Civ. P. 20(a); Cal. Civ. Proc. Code § 378(a).  Plaintiffs cannot satisfy either prong of that standard here.

*Prong 1: "Same Transaction or Occurrence" Test*:  Plaintiffs' claims do not arise "out

(1) They assert any right to relief jointly, severally, or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action; or (2) They have a claim, right, or interest adverse to the defendant in the property or controversy which is the subject of the action."

Opposition Motion to Remand LSA 3-10

of the same transaction, occurrence, or series of transactions or occurrences," as required by both the state and federal rules.  "By its terms, this provision requires factual similarity in the allegations supporting Plaintiffs' claims."  *Visendi* v. *Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013).  No such factual similarity exists here.  Plaintiffs' claims relate to eight separate and unrelated incidents:  they arose in seven different states; at least some, if not all, on different dates, spanning across at least a year; and involve eight different alleged assailants whose conduct, though all abhorrent if true, varied significantly from one another in terms of severity as well as other details.  *See, e.g.*, *Coleman* v. *Conseco, Inc.*, 238 F. Supp. 2d 804, 818 (S.D. Miss. 2002) (emphasizing that the claims "occurred in complete factual, temporal and geographic isolation" (citation omitted)); *Heather* v. *Medtronic Inc.*, No. 2:14-1595-SVW-FF, 2014 WL 2736093, at *1 (C.D. Cal. June 9, 2014) (granting motion to sever where claims arose out "of separate surgeries, performed by different surgeons, in different states, in which the [device] was used in different off-label manners"); *Koch*, 1997 WL 907917, at *3 (finding fraudulent misjoinder in case "analogous to a hypothetical case in which six perfect strangers each buy a set of defective tires through completely unrelated tire outlets, and then wish to join together their product-liability claims against the manufacturer of the tire").

"The fact that the same [service] was used" by each plaintiff "is not sufficient to find that they were part of the same transaction or occurrence."  *Heather*, 2014 WL 2736093, at *1. Indeed, when faced with the "misjoinder of plaintiffs in different regions," as the Court is here, courts "have severed the claims of multiple plaintiffs, finding that the sole common allegation" about use of a product (or, as here, a service) "did not constitute a same transaction, occurrence or series of transactions of occurrences."  *Adams* v. *I-Flow Corp.*, No. 09-9550 R SSX, 2010 WL 1339948, at *8 (C.D. Cal. Mar. 30, 2010) (collecting cases); *see also Koch*, 1997 WL 907917, at *3 (deeming purchase of the same defective product "[s]uch [an] attenuated commonality [that it] can not establish a 'series of transactions or occurrences'").[10]

---

[10]   The fact that plaintiffs allege common theories of liability also does not mean that their claims "arise out of" the same transaction, occurrence or series of transactions or occurrences. *See Warner* v. *Stryker Corp.*, No. 08-6368-AA, 2009 WL 1773170, at *1 (D. Or. June 22, 2009) (rejecting plaintiffs' contention that "they meet the 'same transaction or occurrence' test" because "defendants failed to test their pain pumps, failed to warn physicians about the dangers of using pain pumps . . . , and negligently marketed their pain pumps"); *see also McNaughton* v.

- 11 -

1    *Prong 2:  Question of Law or Fact in Common*:  Whether the assailant in each incident

2    committed the alleged acts, whether the background check was sufficient as to each assailant,

3    whether each plaintiff would have elected not to use the Uber platform had Uber provided

4    certain details regarding the risk of sexual assault, whether each plaintiff relied on statements

5    made by Uber that it would allegedly provide a safe ride, and what injuries and damages, if any,

6    each plaintiff sustained, are just some of the many "questions peculiar to each claim."

7    *Graziose* v. *Am. Home Prods. Corp.*, 202 F.R.D. 638, 640 (D. Nev. 2001).  Even when there are

8    potentially some common issues, they "are not sufficiently common to warrant joinder," *id.*,

9    because "if Plaintiffs' cases were not severed, the Court would still have to give each claim

10   individualized attention."  *Coughlin* v. *Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *see also*

11   *Padron* v. *Onewest Bank*, No. 2:14-1340-ODW, 2014 WL 1364901, at *4 (C.D. Cal. Apr. 7,

12   2014) (rejecting plaintiffs' assertion that, "[s]o long as there is even a single 'common question'

13   . . . the joinder rule is satisfied").

14       As research about sexual assault and misconduct shows, the individual occurrences are

15   highly personal and motivated by the individual conduct of the assailant.  No two incidents or

16   experiences of the victims are the same.[11]  Likewise, Uber's alleged conduct does not arise from

17   the same facts and circumstances: *e.g.*, the company's policies and practices have varied over

18   time and place, and the company's operations and personnel vary by time and geo-location.

19       Finally, even to the extent that plaintiffs allege some overlapping causes of action,

20   "[c]ommon issues of law does not mean common issues of an area of the law."  *Graziose*, 202

21   F.R.D. at 640; *see also Coughlin*, 30 F.3d at 1351 ("[T]he mere fact that all Plaintiffs' claims

22   arise under the same general law does not necessarily establish a common question of law or

23

24   *Merck & Co., Inc.*, No. 04-8297 (LAP), 2004 WL 5180726, at *2 (S.D.N.Y. Dec. 17, 2004)
     ("The mere existence of common questions of law or fact does not satisfy the same transaction or
     occurrence requirement.").
25   [11]  *E.g.*, National Sexual Violence Resource Center, *Seeing the Whole Survivor: Why It's
     Necessary to Talk About Identity for Survivors as Individuals and in Groups*" (Feb. 25, 2019),
26   https://www.nsvrc.org/blogs/seeing-whole-survivor-why-its-necessary-talk-about-identity-
     survivors-individuals-and-groups ("Every survivor's experience is unique and valid.  Although
27   there are many ways survivors relate to one another in their experience of trauma and journey to
     healing – a survivor's experience is uniquely shaped by their personal history, identity, context,
28   culture, and community."); Rape, Abuse & Incest National Network, *Survivor Stories*,
     https://www.rainn.org/survivor-stories (last visited July 16, 2021) ("No one person's story is
     alike.  No one survivor's experience is the same.").

Opposition Motion to Remand LSA 3-10

1    fact.").  Moreover, because the plaintiffs' claims arise from incidents in seven different states,

2    the two California plaintiffs might well be the only two claims applying the same state law.  *See*

3    *Coleman*, 238 F. Supp. 2d at 819 (finding the fact that "the applicable law for each claim will be

4    the law of the state in which each plaintiff entered into their respective contracts" to be evidence

5    that there is no common issue of law).

6         There is an obvious lack of commonality in how each individual state in which the

7    alleged events took place analyzes the legal causes of action in the common law -- but as to

8    rideshare specifically, companies like Uber are regulated at a state and local level.  Forty-eight

9    states have passed differing sets of Transportation Network Company (TNC) regulations that

10   map out varying requirements as it pertains to regulating companies like Uber.  Some states

11   define lack of common carrier status by statute, some states mandate that drivers are independent

12   contractors, and some states prescribe lack of vicarious liability by law for TNCs, to name just a

13   few of the varying circumstances in this framework of TNC laws.  So even beyond the

14   differences specific to fraud and vicarious liability, for example, that exist in the common law

15   already, the law as it applies to rideshare (which will implicate the allegations outlined in the

16   plaintiffs' complaint) varies greatly across all fifty states, as there is no unified national

17   framework.  Given the same, there is no commonality in questions of law, and again, this attempt

18   at joinder of claims is improper.

19                 **2.        The Fraudulent Misjoinder Is Egregious**

20        The misjoinder of plaintiffs here is egregious:  "the [C]omplaint here was structured in a

21   way to defeat diversity jurisdiction."  *Breitner* v. *Merck & Co*., No. 318-15982PGSTJB, 2019

22   WL 316026, at *4 (D.N.J. Jan. 24, 2019).  There is no other explanation, and plaintiffs offer

23   none.  Instead, they offer this circular reasoning:  "[t]here cannot be fraudulent joinder… because

24   local defendants have no right to remove in the first place."  (Mot. at 6.)  That just assumes,

25   erroneously, that there can be no pre-service removal.  By the same logic, if pre-service removal

26   is permitted (which it is), then plaintiffs' misjoinder is fraudulent.

27        The case law compels the same conclusion.  Plaintiffs' misjoinder constitutes "nothing

28   more than a transparent artifice to defeat the diversity jurisdiction of this court."  *Koch*, 1997 WL

Opposition Motion to Remand LSA 3-10

907917, at *4.  Courts find egregious misjoinder where, as here, plaintiffs are from multiple

different states, where plaintiffs have no connection to the forum state, and where plaintiffs have

no connection to one another.  *See In re Fosamax (Alendronate Sodium) Prod. Liab. Litig.

(No. II)*, Civ. A. No. 11-3045, 2012 WL 1118780, at *5 (D.N.J. Apr. 3, 2012), *aff'd*, 751 F.3d

150 (3d Cir. 2014) (finding egregiousness standard met where action "involve[d] an attempt to

join 91 plaintiffs from 28 different states" where "only three Plaintiffs [were] citizens of [the

state] where the complaint was filed, and none of the non-resident Plaintiffs claim[ed] any

connection with [the forum state]."); *In re Diet Drugs*, No. Civ. A 98-20478, 1203, 1999 WL

554584, at *3 (E.D. Pa. July 16, 1999) (finding that pleading went "well beyond mere

misjoinder" where "[p]laintiffs attempt[ed] to join persons from seven different states into one

civil action who have absolutely no connection to each other except that they each ingested" the

defendants' drugs, and only two of the nine plaintiffs were citizens of the forum state).

### III.   Plaintiffs Are Not Entitled to Fees, Costs or Sanctions

Even if the Court grants the motion to remand, plaintiffs would not be entitled to fees

under 28 U.S.C. § 1447(c).  As the Supreme Court has held, "[a]bsent unusual circumstances,

courts may award attorney's fees under § 1447(c) only where the removing party lacked an

objectively reasonable basis for seeking removal," and "[c]onversely, when an objectively

reasonable basis exists, fees should be denied."  *Martin* v. *Frankly Capital Corp.*, 546 U.S. 132,

141 (2005).

Given the numerous authorities permitting pre-service removal, courts have found that

even though there may be differing opinions, removing on this basis is *not* objectively

unreasonable.  *See*, *e.g.*, *Khashan* v. *Ghasemi*, No. 10-543MMM(CWX), 2010 WL 1444884, at

*4 (C.D. Cal. Apr. 5, 2010) (holding "there is some disagreement regarding the proper

application of § 1441(b)," which "leads the court to conclude that defendants' grounds for

seeking removal were not objectively unreasonable"); *U.S. Bank Tr. Nat'l Ass'n* v. *Fid. Nat'l

Title Grp., Inc.*, No. 220-2068JCMVCF, 2021 WL 223384, at *4 (D. Nev. Jan. 22, 2021)

("[B]ecause the Ninth Circuit has yet to rule on snap removal and there is persuasive authority

supporting the tactic, [Defendant] had an objectively reasonable basis for seeking removal.").

Opposition Motion to Remand LSA 3-10

1    Even by plaintiffs' account of the law, Uber's removal could not be objectively

2    unreasonable:  it involves "a somewhat unique series of jurisdictional issues that have yet to be

3    addressed by the Ninth Circuit," and other "Circuits are split on the propriety of such 'snap

4    removals.'"  (Mot. at 1–2.)  Plaintiffs do not even cite the Supreme Court's "objectively

5    unreasonable" standard and, instead, refer to Uber's removal as "improvident."  (*Id*. at 13.)  That

6    is not a basis for a fee award.

7    Nor do courts award costs and fees in the context of an unsuccessful fraudulent

8    misjoinder argument where there is a credible claim that diversity-destroying parties have been

9    misjoined.[12]  Rather, similar to the pre-service removal context, courts addressing costs and fees

10   in the context of fraudulent misjoinder, including in the Ninth Circuit, deny costs and fees on the

11   ground that the law in this area is not always well settled.  *See, e.g.*, *Blasco* v. *Atrium Med.*

12   *Corp.*, No. C14-3285EDL, 2014 WL 12691051, at *8 (N.D. Cal. Oct. 30, 2014) (collecting cases

13   and denying plaintiffs' request for fees, "given the differences of opinion among courts in the

14   Ninth Circuit" with regard to the fraudulent misjoinder doctrine); *Tyson* v. *Fife*, Civ. A.

15   No. 2:18-28-GMN-NJK, 2018 WL 3377085, at *4 (D. Nev. July 11, 2018) (finding removal

16   objectively reasonable because, "[w]hile the Ninth Circuit has not explicitly adopted this

17   doctrine, it has not been clearly foreclosed upon either").  Therefore, Defendants' removal in this

18   case was objectively reasonable, and plaintiffs' request for costs and fees should be denied.

19   To the extent that plaintiffs seek "sanctions" beyond the costs and fees requested under

20   § 1447(c), there is no basis for such a request, and they cite no authority for it.  Section 1447(c)

21   "is a fee-shifting statute" and not a sanctions statute.  *Kinzer* v. *Allegiant Air, LLC*, No. 215-

22   2306JADPAL, 2016 WL 4060307, at *1 (D. Nev. July 28, 2016).  Therefore, plaintiffs' request

23   for sanctions also should be denied.

24

25

26

27

28

---

[12]   *See, e.g.*, *In re Fosamax Prod. Liab. Litig.*, No. 1:06-MD-1789 (JFK), 2008 WL 2940560, at *9 (S.D.N.Y. July 29, 2008) ("[A]ward of costs and expenses is not in order because defendants' fraudulent joinder arguments in support of removal were not frivolous.").

1

2   Dated:  July 16, 2021                          PAUL, WEISS, RIFKIND, WHARTON &
                                                     GARRISON LLP
3
                                                   By: _____
4                                                      Randy Luskey

5
                                                   Attorneys for Defendants
6                                                  Uber Technologies, Inc. and Rasier, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 16 -